**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

PRESTIGE ENTERPRISES, INC.,
JOYCE WREN, ROBERT MORRIS,
CARLOS MITCHELL, AND
TAMIKA SAULSBERRY,                                                     PLAINTIFFS,

VS.                                                          CIVIL ACTION NO. 2:08CV26-P-A

CITY OF SENATOBIA, ET AL.,                                              DEFENDANTS.

## ORDER OF DISMISSAL

This matter comes before the court upon Defendants' Motion to Dismiss [5]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss this action because the City of Senatobia's Ordinance 364 – which is the basis for the plaintiffs' Complaint – has been rescinded. The plaintiffs argue that because matters outside the pleadings have been brought into issue, the defendants' Rule 12(b)(6) motion should be converted into a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Fed. R. Civ. P. 12(b) provides in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to an not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, if the court considers matters outside the pleadings in ruling upon a Rule 12(b)(6) motion to dismiss, the court must convert the motion to one for summary judgment. *Tuley v. Heyd*, 482 F.3d 590, 592 (5th Cir. 1973). However, "[d]ocuments that a defendant attaches to a motion to

1

dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

Attached to the defendants' reply brief is a copy of the minutes of the March 18, 2008 meeting of the Mayor and Board of Aldermen of the City of Senatobia during which Ordinance 364 was rescinded. The court concludes that the exhibit is central to the plaintiff's claim and is therefore part of the pleadings. Thus, the court declines to convert the defendants' Rule 12(b)(6) motion to one for summary judgment.

Pursuant to Fed. R. Civ. P. 12(b)(6) a defendant may file a motion to dismiss a plaintiff's claim or claims for failure to state a claim upon which relief can be granted. The traditional test for ruling upon a 12(b)(6), as announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), is "in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007) recently "retired" that test. The new test enunciated in *Twombly* requires the court must determine whether the defendants have established that the plaintiffs' factual allegations in their Complaint, taken as true, are enough to raise a right to relief above the speculation level. *Id*.

Essentially, the plaintiffs allege that the City of Senatobia, through its Mayor and Aldermen, violated their constitutional rights to substantive due process and equal protection by passage of Ordinance 364 which, they allege, effectively requires all pre-1977 manufactured homes at the subject trailer park to be updated or removed. The plaintiffs allege the ordinance constitutes a

"taking" in violation of the Fifth Amendment. In their Complaint, the plaintiffs pray for a declaration that Ordinance 364 violates their Fifth and Fourteenth Amendment rights, a preliminary and permanent injunction preventing the City from enforcing Ordinance 364, and attorney fees.

At the time the defendants filed their motion to dismiss, the Board of Aldermen voted to "suspend indefinitely" enforcement of the ordinance. Accordingly, the defendants argued that the plaintiffs claims should be dismissed for mootness. The plaintiffs argued *inter alia* that an indefinite suspension of the ordinance is not the same as rescinding it and that there was a real danger that the City would decide at a later date to enforce it. In their reply brief, the defendants informed the court that after the plaintiffs' filed their response, the Board voted to rescind Ordinance 364.

The court concludes that since Ordinance 364 was formally rescinded, the controversy is now moot and, pursuant to *Twombly*, the court concludes that the factual allegations in the Complaint, taken as true, are not enough to raise a right to relief above the speculation level.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' motion to dismiss [5] is **GRANTED**; therefore,

(2) The plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** as presently moot; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 11th day of April, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE